OPINION OF THE COURT
Aaron E. Klein, J.
The defendant, Perkins and Will, a partnership, moves this court, pursuant to CPLR 3212, for an order granting summary judgment in its favor and dismissing the action as against it on the ground that the action is barred by the Statute of Limitations.
The underlying facts are not in dispute, and are relatively simple. The movant was retained by the plaintiff in 1969 to provide architectural services with respect to the erection of the Tri-Valley Elementary School building. Construction of the building began in July or August, 1971; the school was occupied in September of 1972; and, all construction was completed in April of 1973. The final payment, pursuant to their contract, was made to the movant in December of 1973. On June 4, 1976 a final payment certificate was prepared by the movant which connotes actual acceptance on or about June 4, 1976. The summons and complaint in this action were served on the movant on October 3, 1980.
The motion will be granted due to the expiration of the Statute of Limitations for an owner’s claim against an architect based upon an allegation of professional malprac *938 tice in the construction of a building. (Sosnow v Paul, 43 AD2d 978, affd 36 NY2d 780; Matter of Paver & Wildfoerster [Catholic High School Assn.], 38 NY2d 669; Sears, Roebuck & Co. v Enco Assoc., 43 NY2d 389.)
It is now firmly established that the six-year Statute of Limitations (CPLR 213) applies to an action by an owner against an architect alleging professional malpractice in design or construction, with said cause of action accruing at completion of construction. (Sears, Roebuck & Co. v Enco Assoc., supra, at p 394; Cubito v Kreisberg, 69 AD2d 738, 744.) Without question, the construction of the building upon which the plaintiff’s claim is based, was completed in April of 1973. The “essence” of the cause of action pleaded against the movant in this complaint is one sounding in breach of contract.
The plaintiff seeks to remove its action from the general rule previously stated by arguing that the Statute of Limitations does not begin to run until completion of the project, which it urges was the issuance of a final payment certificate. This is contrary to the pronouncements of the Court of Appeals which have uniformly stated that completion of construction is the moment at which the cause of action accrues. (Matter of Paver & Wildfoerster, supra; Sosnow v Paul, supra; Sears, Roebuck & Co. v Enco Assoc., supra.)
A Wisconsin case decided by the Supreme Court of Wisconsin, Milwaukee County v Schmidt (43 Wis 2d 445), discusses the certificate of payment within the context of the accrual of a cause of action for architectual malpractice, holding that the certificate of payment is merely an administrative act and, therefore, not the date on which the Statute of Limitations for an architect’s alleged malpractice began to run.
In this court’s view, the date of the certificate of payment is irrelevant to the accrual of the cause of action pleaded in this complaint since the action accrued at the completion of construction. Under the contract, the movant was to receive 100% of its fee upon completion of the construction phase. If any additional services were performed by the architects, additional payments would be made upon presentation of a monthly statement by the architect. There *939 has been absolutely no allegation made that the movant received any additional compensation. Furthermore, it has been demonstrated through documentary evidence that the movant’s fee was 100% satisfied by December of 1973 upon completion of the construction; and, additionally, it has been established that the surety released final payment in April, 1973.
Therefore, the court finds that there is no basis upon which this court could hold that the “continuing treatment” exception is applicable so as to toll the Statute of Limitations until 1976. (Cf. County of Broome v Smith, 78 Misc 2d 889.)
The plaintiff urges that the “foreign object” exception enunciated in Flanagan v Mount Eden Gen. Hosp. (24 NY2d 427), which deems the accrual of the cause of action to be discovery of the wrong, should be made applicable to actions based upon claims of architectural malpractice. This type of exception has not been extended beyond medical malpractice cases (see Soshow v Paul, 43 AD2d 978, supra) except through legislative action (cf. CPLR 203, subd [f ]; 206, subd [b]) and this court will not extend it on the facts presented in this application. (See, generally, Siegel, New York Practice, §43.)
Summary judgment is granted to the movant. The fifth cause of action in the complaint is severed, and the movant may enter judgment accordingly. (CPLR 3212, subd [e], par 1.)