■ BOARD OF EDUCATION OF TRI-VALLEY CENTRAL SCHOOL DISTRICT AT GRAHAMSVILLE, Appellant, v CELOTEX CORPORATION et al., Defendants, and PERKINS & WILL, Respondent. — Appeal from an order of the Supreme Court at

Special Term (Klein, J.), entered June 17, 1981 in Sullivan County, which granted defendant Perkins & Will's motion for summary judgment dismissing the complaint as against it. At issue in the instant matter is at what point in time does the six-year Statute of Limitations begin to run in an action, pursuant to CPLR 213, against an architect for professional malpractice. The underlying facts are undisputed. Plaintiff engaged defendant Perkins & Will (defendant architect), a partnership, as architect for the construction of an elementary school. Pursuant to the contract, plaintiff exercised the option to require defendant architect to provide on-site full time supervision and inspection to insure construction of the school in accordance with the plans, specifications and builders' contracts. The construction of the school was completed in April, 1973 and final payment was made to defendant architect in December, 1973. A final certificate of payment was issued by defendant architect on June 4, 1976, permitting final payment to the general contractor. Subsequently, roof leaks appeared, and after some attempts to correct the leaks, a new roof was constructed. An action was commenced by plaintiff on October 3, 1980 against defendant architect for professional malpractice arising from the original construction of the roof.* Special Term concluded that the Statute of Limitations began to run when the construction was completed in April, 1973 or, in the alternative, no later than December, 1973 when defendant architect's final fees were paid. There must be a reversal. Where, as here, a construction contract required the architect to conduct inspections to determine the dates of substantial and final completion and to issue a final certificate of payment, a cause of action against him does not accrue until the final certificate of payment is issued (see *Naetzker v Brocton Cent. School Dist.*, 50 AD2d 142). A plaintiff's cause of action against its architect accrues at the time of completion of the project and the consequent termination of the professional relationship between the architect and the owner under the contract (*N. R. S. Constr. Corp. v Board of Educ.*, 82 AD2d 876). Completion is not a statutorily defined word but must be judicially interpreted in light of the given situation and the responsibilities of the parties in carrying out their agreement. In the instant case, the final certificate was not merely a ministerial act but represented a substantial contractual right of plaintiff owner and a concommitant contractual responsibility of defendant architect in completing the project. Defendant architect's duties did not end with either completion of the building or payment to it of its fees. The issuance of the certificate of payment was an integral part of the construction project. The general contractor, for instance, could not be paid until the certificate was issued by defendant architect. Its issuance terminated the professional relationship between plaintiff and defendant architect and it follows that it is from that point that the Statute of Limitations commences to run. Special Term's reliance on *County of Milwaukee v Schmidt, Garden & Erickson* (168 NW2d 559 [Wis]) is misplaced. The instant matter is factually distinguishable from *Milwaukee County*. Order reversed, on the law, without costs, and motion for summary judgment denied. Kane, J. P., Main, Mikoll, Weiss and Levine, JJ., concur. [110 Misc 2d 937.]

---

* The action by plaintiff also included as defendants, Celotex Corporation, the manufacturer of the roofing material, Helmer-Cronin Construction, Inc., the general contractor, and Abbot-Sommer, Inc., the roofing subcontractor.