■ SAMARITAN HOSPITAL, Respondent, v MCMANUS, LONGE, BROCKWEHL, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. E. TODD WHEELER et al., Third-Party Defendants-Appellants. (Action No. 1.) SAMARITAN HOSPITAL, Respondent, v THE PERKINS AND WILL PARTNERSHIP, Appellant. (Action No. 2.) — Appeals, in Action No. 1, (1) from an order of the Supreme Court at Special Term (Cholakis, J.), entered January 12, 1982 in Rensselaer County, which denied third-party defendant the Perkins and Will Partnership's motion to dismiss plaintiff's complaint, and (2) from an order of said court, entered January 15, 1982 in Rensselaer County, which denied third-

party defendants' motion to dismiss the amended third-party complaint. Appeals, in Action No. 2, (1) from an order of the Supreme Court at Special Term (Cholakis, J.), entered September 23, 1981 in Rensselaer County, which, *inter alia,* denied defendant's motion to dismiss the complaint, and (2) from an order of said court, entered January 12, 1982 in Rensselaer County, which, *inter alia,* granted defendant's motion for renewal but adhered to the prior determination denying defendant's motion to dismiss, as modified. This litigation arises out of the construction of an addition to plaintiff Samaritan Hospital (hereinafter Samaritan) in Troy, New York. In 1967, Samaritan entered into a contract with defendant and third-party defendant architectural firm of E. Todd Wheeler and the Perkins and Will Partnership (hereinafter architect) for the design of the addition, and the contract also required the architect to inspect and supervise the actual construction of the addition and to issue a certificate for the final payment of the contractor upon the satisfactory completion of the work. Thereafter, in February of 1969, Samaritan contracted with defendants and third-party plaintiffs McManus, Longe, Brockwehl, Inc., and Vappi & Company, Inc. (hereinafter contractor) for the construction of the addition. A problem subsequently arose with the construction work in that leaks developed in the window wall of the new addition with the result that, on April 3, 1979, Samaritan commenced Action No. 1 against the contractor for, *inter alia,* breach of contract, and against the contractor's bonding agents for contribution. Later, on May 15, 1981, Samaritan commenced Action No. 2 against the architect for, *inter alia,* negligence and breach of contract based upon the problem with the leaks, and on July 21, 1981 the contractor instituted a third-party action against the architect for indemnification and/or contribution in Action No. 1. On October 5, 1981, Samaritan amended its complaint against the contractor in Action No. 1 to state a direct cause of action against the architect.\* With these circumstances prevailing on June 25, 1981, the architect moved, pursuant to CPLR 3211, to dismiss Samaritan's complaint in Action No. 2 on the grounds that the action is time barred and that Samaritan's tenth cause of action alleging fraud was insufficiently particular. When this motion was denied, the architect moved for an order granting it permission to renew its motion to dismiss and for consideration of pleadings and papers not previously submitted. Although this motion was granted, the court then proceeded to deny again the dismissal motion and to modify its earlier order so as to provide that the continuing treatment doctrine should be considered in this action. Regarding Action No. 1, on October 7, 1981 the architect moved in separate motions, pursuant to CPLR 3211, for orders dismissing the contractor's third-party complaint and Samaritan's amended complaint upon the grounds that they were barred by the Statute of Limitations and that they failed to state a cause of action. The court also denied these latter motions, and the present appeals ensued. We hold that the challenged orders should be affirmed. In order to determine whether or not Samaritan's causes of action against the architect in the situation presented here are time barred, it must initially be determined when the various causes of action accrued, and this necessitates findings as to when the construction project was completed and the final certificate of payments to the contractor was issued, resulting in the consequent termination of the professional relationship between Samaritan and the architect (cf. *Board of Educ. v Celotex Corp.,* 88 AD2d 713, affd 58 NY2d 684; see, also, *State of New York v Lundin,* 91 AD2d 343). An examination of the record in this case reveals that triable factual questions are presented relative to this issue in that there are facts alleged which indicate a certificate of final payment was issued on May 10, 1973 while the record also

---

\* As a consequence Samaritan has two separate causes of action against the architect based upon the same facts.

contains a letter dated March 4, 1980 which refers to an inspection by the architect and certifies final payment to the contractor. Additionally, a perusal of the record raises triable issues as to whether the architect continued to treat the window leak problem even after the alleged issuance of a certificate of final payment in May of 1973 so as to make the continuous treatment doctrine applicable (see *Dura-Bilt Remodelers v Albanese,* 86 Misc 2d 172), and it is also unclear at this stage of the litigation whether the alleged accord and satisfaction between Samaritan and the contractor on May 10, 1973 mandates a dismissal of any of Samaritan's claims against the architect. Triable factual issues are likewise presented relative to the architect's alleged breach of contract and negligence with regard to services rendered subsequent to Samaritan's taking possession of the addition to the hospital in 1973 (see *St. Paul Ind. Park v New York State Urban Dev. Corp.,* 63 AD2d 822). The architect's remaining contentions are similarly unpersuasive. The cause of action against the architect for fraud and misrepresentation is supported in adequate detail in the complaint by Samaritan's allegations of the architect's alleged misrepresentations and Samaritan's reliance thereon so as to give the architect notice of the allegations which Samaritan intends to prove (see CPLR 3016, subd [b]). As for the third-party complaint, it clearly states a cause of action for contribution even if the contractor and architect are alleged to be liable under different theories because Samaritan plainly seeks a recovery against both the contractor and the architect based upon the same alleged injury (cf. *Nassau Roofing & Sheet Metal Co. v Celotex Corp.,* 74 AD2d 679). Orders, in Action No. 1, affirmed, with costs. Orders, in Action No. 2, affirmed, with costs. Mahoney, P. J., Sweeney, Main, Casey and Levine, JJ., concur.