■ JOSEPH KELL ENTERPRISES, INC., Respondent, v WINSTON ALLEN et al., Appellants, et al., Defendant.—Judgment of the Supreme Court, New York County (Beatrice Shainswit, J.), entered January 14, 1988, which, *inter alia,* denied defendants' cross motion for an order dismissing the complaint, is unanimously modified, on the law, solely to the extent of reversing that portion of the judgment which declared that plaintiff is entitled to receive a formal renewal of the lease, and otherwise affirmed, without costs or disbursements. The order of the Supreme Court, New York County (Beatrice Shainswit, J.), entered May 11, 1988, which denied defendants' motion for renewal and reargument, is deemed one for reargument and as such is dismissed as nonappealable, without costs or disbursements.

The IAS court, in its decision declaring the rights of the parties, in effect granted summary judgment without having a motion for such relief before it. Neither of the parties requested that defendants' cross motion for dismissal be treated as one for summary judgment pursuant to CPLR 3211 (c) and the court could not properly treat it as such, *sua sponte,* without giving "adequate notice" (CPLR 3211 [c]). "Neither party had otherwise received 'adequate notice' by expressly seeking summary judgment or submitting facts and argu-

ments clearly indicating that they were 'deliberately charting a summary judgment course' * * *. Nor did the parties indicate that the case involved a purely legal question rather than any issues of fact * * *. Consequently, the court's *sua sponte* treatment of the motion as one for summary judgment deprived plaintiff of the 'opportunity to make an appropriate record' and thus thwarted the very purpose of CPLR 3211 (c)". *(Mihlovan v Grozavu,* 72 NY2d 506, 508.) Concur—Murphy, P. J., Asch, Rosenberger, Wallach and Smith, JJ.