■ BOARD OF MANAGERS OF YARDARM BEACH CONDOMINIUM, on Behalf of the Condominium and the Unit Owners Thereof, et al., Plaintiffs, v VECTOR YARDARM CORPORATION, Appellant, and VECTOR REAL ESTATE CORPORATION, Appellant and Third-Party Plaintiff-Appellant. DAVID K. SPECTER et al., Third-Party Defendants-Respondents. (And a Fourth Party Action.) —Judgment, Supreme Court, New York County (Diane A. Lebedeff, J.), entered October 24, 1990, granting third-party defendant E.W. Howell Co.'s motion and third-party defendant Specter's cross-motion for summary judgment, unanimously affirmed, with costs.

Any breach of contract claim by third-party plaintiff Vector against third-party defendant Specter is barred by the six year statute of limitations (CPLR 213 [2]). A cause of action against an architect based on breach of his contract to design and oversee construction accrues on the date the final certificate of occupancy is issued. *(State of New York v Lundin,* 60 NY2d 987; *Sears, Roebuck & Co. v Enco Assocs.,* 43 NY2d 389.) Here, the certificate of occupancy was issued in November 1976. Thus, Vector's claims brought against Specter in 1983 are time barred. Vector's request for application of the "continuous treatment doctrine" was properly rejected. There was no evidence of an ongoing confidential professional relationship between Vector and Specter arising out of Phase I construction after 1976. *(Borgia v City of New York,* 12 NY2d 151.)

Furthermore, by letter dated July 13, 1977, Vector expressly and unequivocally released Howell, the contractor, from any and all future contractual obligations. This release, apparently part of the settlement of final payment between Howell and Vector, is both valid and binding. *(See, Matter of Schaefer,* 18 NY2d 314.)

Lastly, neither Specter nor E.W. Howell Co. may be held liable in implied indemnification or implied contribution. Vector alone dictated modifications of Specter's plans, against Specter's advice, and Howell complied with those modifications. Under these circumstances, Vector cannot assert that it is only vicariously liable for wrongs actually committed by the third-party defendants or that third-party defendants should ratably share Vector's liability for the negligent and fraudulent misrepresentations alleged by plaintiffs in the main action. *(Mas v Two Bridges Assocs.,* 75 NY2d 680, 689-690; *McDermott v City of New York,* 50 NY2d 211.) Concur—Sullivan, J. P., Rosenberger, Kupferman, Asch and Kassal, JJ.