■ In the Matter of the Arbitration between KOHN PEDERSON FOX ASSOCIATES, P. C., Respondent, and FDIC, as Receiver of GOLDOME, Appellant.—Judgment, Supreme Court, New York County (Beverly S. Cohen, J.), entered June 4, 1992, which, insofar as appealed from, denied petitioner's application for a stay of arbitration on the ground that the claim is barred by the Statute of Limitations, without prejudice to petitioner's raising the Statute of Limitations with the arbitrator, and denied, as academic, respondent's cross-motion to compel arbitration and for a declaration that the arbitration was timely commenced, unanimously modified, on the law, to grant the cross-motion to the extent it seeks a declaration that the arbitration was timely commenced, and otherwise affirmed, without costs.

Respondent seeks to arbitrate a claim that certain portions of newly constructed buildings it owns failed as a result of

petitioner architect's breach of contract and professional negligence.

Both sides contend, and we agree, that the IAS Court should not have left it to the arbitrator to decide whether the claim is barred by the Statute of Limitations (CPLR 7502 [b]; *Matter of Paver & Wildfoerster [Catholic High School Assn.],* 38 NY2d 669, 674).

A cause of action against an architect accrues when his or her professional relationship with the owner ends, this usually occurring upon the issuance of the final payment certificate pursuant to the contract *(Board of Educ. v Celotex Corp.,* 88 AD2d 713, *affd* 58 NY2d 684). Here, because the architect was contractually obligated to issue final certificates to the owner before the project was deemed finally completed, the professional relationship ended upon the architect's fulfillment of its contractual obligations and not upon the physical completion of the buildings. It is clear that such occurred no earlier than the second half of 1986, within the applicable six-year period of limitations from the November 26, 1991 demand for arbitration. Concur—Murphy, P. J., Milonas, Ross and Rubin, JJ.