■ FRANCES A. DE RUBBO,, Individually and as Executrix of FRANCES CARNEVALE, Deceased, Appellant, v WAYNER ASSOCIATES et al., Respondents. [596 NYS2d 568] —Weiss, P. J. Appeal from an order of the Supreme Court (Lynch, J.), entered December 19, 1991 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action individually and as executrix of the estate of her mother, Frances Carnevale, against defendant Casmier Wayner (hereinafter defendant), a licensed public accountant, and two of his firms to recover damages of

$300,000 lost when invested on their behalf by Cambridge Financial Resources, Ltd. Plaintiff alleges that defendant, who for a number of years had provided accounting, tax and financial advisory services to her and her mother, advised them to remove their savings from bank certificates of deposit and instead invest in other securities such as mutual funds. On or about November 11, 1986, defendant recommended that plaintiff and her mother use the services of James Corona and William Hodges, principals in Cambridge, to manage their savings and arranged a meeting with said persons at defendant's offices. Plaintiff and her mother signed a retainer agreement with Cambridge to manage their joint account authorizing Cambridge to change investments without consultation with plaintiff and also executed a power of attorney authorizing Cambridge to buy, sell, redeem, transfer and convert all of the shares in any account registered in their names.

The verified complaint in this action which was commenced June 1, 1991 states four causes of action characterized by plaintiff as breach of a fiduciary duty, negligence in breaching a duty of care owed to plaintiff, liability as the principal for the negligence of Corona and Hodges, and breach of their agreement to provide financial services and advice. Defendants moved pursuant to CPLR 3211 (a) (1), (5) and (7) before service of an answer to dismiss the causes of action in negligence as time barred (CPLR 214 [6]), the causes of action in contract as unenforceable under the Statute of Frauds (General Obligations Law § 5-701 [a] [1], [2]), and for failure to set forth causes of action. Supreme Court exercised its authority pursuant to CPLR 3211 (c) and converted the motion to one for summary judgment, without having given adequate notice to the parties, and dismissed all four causes of action. Plaintiff has appealed.

We reverse. Initially, Supreme Court improperly treated the motion as one for summary judgment pursuant to CPLR 3211 (c). Such a conversion requires adequate notice to the parties *(Mihlovan v Grozavu,* 72 NY2d 506, 508), absent in this case, which fairly advises the parties of the issues it deems dispositive of the action *(see, Four Seasons Hotel v Vinnik,* 127 AD2d 310, 320). Rather than framing and resolving issues of fact raised in the papers submitted, the court must put the proofs aside and give the complaint its most favorable intendment *(see, supra,* at 318). Here, Supreme Court resolved disputed factual issues in defendants' favor rather than considering the purely legal questions alleged in the complaint. The *sua*

*sponte* treatment of the motion as one for summary judgment deprived plaintiff of any opportunity to make a proper record *(see, Kell Enters. v Allen,* 151 AD2d 373, 374).

Turning to the merits, we find that plaintiff has alleged a continuing professional services relationship with defendant involving accounting, tax and advisory services, the nature of which, liberally construing the complaint, would be terminable at will by either party. Plaintiff has alleged that the relationship included financial advice and the monitoring of plaintiff's investment account with Cambridge. The existence of an ongoing, but terminable at will, professional services contractual relationship would not be within the ambit of the Statute of Frauds (General Obligations Law § 5-701 [a] [1]) which requires a writing for contracts which, by their own terms, cannot be performed within one year *(see, D & N Boening v Kirsch Beverages,* 63 NY2d 449, 456; *Samilson v Stahlwood Toy Mfg. Co.,* 154 AD2d 525, 526). Further, because the complaint seeks to hold defendant responsible for breach of his own independent obligation rather than to answer for the obligations of Cambridge, General Obligations Law § 5-701 (a) (2) would not be applicable.

We similarly find that the Statute of Limitations (CPLR 214 [6]) should not on its face bar causes of action for negligence. The continuing nature of the professional relationship which plaintiff has alleged could very well preclude the applicability of the Statute of Limitations and presents a factual issue which cannot be resolved by this motion *(see, Greater Johnstown City School Dist. v Cataldo & Waters Architects,* 159 AD2d 784; *Hall & Co. v Steiner & Mondore,* 147 AD2d 225, 228-229).

Mikoll, Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.