■ METHODIST HOSPITAL, Respondent, v PERKINS & WILL PARTNERSHIP, Appellant. [610 NYS2d 572] —In an action to recover damages for architectural malpractice and breach of contract, the defendant appeals from (1) so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated May 12, 1992, as granted the plaintiff's cross motion to strike the

defendant's affirmative defenses based upon the Statute of Limitations, and (2) an order of the same court dated July 9, 1992, which denied the defendant's motion to dismiss the action based on lack of personal jurisdiction.

Ordered that the order dated May 12, 1992, is affirmed insofar as appealed from, and the order dated July 9, 1992, is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The Supreme Court properly granted the plaintiff's cross motion to strike the defendant's affirmative defenses dealing with the Statute of Limitations. A cause of action against an architect accrues when his or her professional relationship with the owner ends, and when the architect is contractually obligated to conduct inspections to determine completion dates and issue a final certificate, a cause of action against the architect does not accrue until the final certificate of payment is issued *(see, Board of Educ. v Celotex Corp.,* 88 AD2d 713, 714, *affd* 58 NY2d 684; *Matter of Kohn Pederson Fox Assocs. [FDIC],* 189 AD2d 557, 558). "[I]ssuance of that certificate represents a significant contractual right of the owner and concomitant obligation of the architect" *(State of New York v Lundin,* 60 NY2d 987, 989). In this case, the contract between the plaintiff and the defendant required the defendant to issue a certificate of final payment, and the defendant submitted no evidence that it did so.

Even if we were to find that the defendant was correct in asserting that the Statute of Limitations started running on March 31, 1986, when it claims that the underlying project was "substantially complete", the present action was still timely. Since the plaintiff and the defendant entered into two separate agreements which tolled the Statute of Limitations for more than five months, the six-year Statute of Limitations applicable to the plaintiff's claim would not have expired until after April 10, 1992, when the defendant was served.

We also find that the court properly denied the defendant's motion to dismiss the complaint based on lack of personal jurisdiction. CPLR 310 (d), which became effective July 15, 1991, states, *inter alia,* that "[p]ersonal service on such partnership may also be made by delivering the summons to any other agent or employee of the partnership authorized by appointment to receive service". This provision overrules *Cooney v East Nassau Med. Group* (136 AD2d 392), upon which the defendant relies, and "now treats partnerships and corporations in a similar fashion" (Alexander, 1993 Supplementary

Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C310:4, 1994 Pocket Part, at 83). The defendant's argument that *Fashion Page v Zurich Ins. Co.* (50 NY2d 265), is not applicable is without merit since "[c]ases that have interpreted 'agent by appointment' in connection with service on corporations should provide relevant precedents" (Alexander, 1993 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C310:4, 1994 Pocket Part, at 83).

Here, we find that service should be sustained because the process server's reliance on the representations of the employee claiming authority to accept service was reasonable, and "service [was] made in a manner which, objectively viewed, [was] calculated to give the [partnership] fair notice" *(Fashion Page v Zurich Ins. Co., supra,* at 272-273). Thompson, J. P., Rosenblatt, Ritter and Santucci, JJ., concur.