■ LILLIAN ROZELLE, Appellant, v ARTHUR E. HERMANN et al., Respondents. [626 NYS2d 162] —Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about January 27, 1994, which granted defendants permission to serve written interrogatories on plaintiff and dismissed plaintiff's second cause of action alleging lack of informed consent unless she furnished an affidavit detailing specific allegations relating to that cause of action on or before a date certain, unanimously modified, on the law, to the extent of vacating the conditional dismissal of plaintiff's cause of action for lack of informed consent, and otherwise affirmed, without costs.

In light of the brief time period permitted newly substituted counsel to pursue and/or complete discovery, defense counsel's immediate request for a further Bill of Particulars from plaintiff once substituted, and the fact that plaintiff continued with her discovery after the note of issue and certificate of readiness were filed, defendants made a factual showing of "unusual or unanticipated circumstances" which warranted the grant of permission to defendants to serve interrogatories on plaintiff (22 NYCRR 202.21 [d]).

However, in dismissing plaintiff's cause of action for lack of informed consent unless plaintiff furnished an affidavit detailing specific allegations relating to that cause of action on or before a date certain, the court, in effect, treated defendants' motion to conduct a pretrial examination of plaintiff as one for summary judgment. However, defendants did not request that relief and the court did not have before it a motion for such relief (Kell Enters. v Allen, 151 AD2d 373). The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any material issues of fact from the case (Winegrad v New York Univ. Med.

*Ctr.,* 64 NY2d 851, 853). Here, there is no evidence that defendants fulfilled this obligation. Thus, the burden never shifted to plaintiff to oppose the motion, as the court directed plaintiff to do. Concur—Ross, J. P., Nardelli, Williams, Tom and Mazzarelli, JJ.