■ HAUPPAUGE UNION FREE SCHOOL DISTRICT, Respondent, v LAWRENCE L. SMITH ASSOCIATES, P. C., Appellant, et al., Defendant. [628 NYS2d 358] —In an action, *inter alia,* to recover damages for breach of contract, the defendant Lawrence L. Smith Associates, P. C. appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated February 28, 1994, as granted the branch of the plaintiff's motion which was to dismiss the affirmative defense of the Statute of Limitations.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the plaintiff's motion which is to dismiss the affirmative defense of the Statute of Limitations is denied, and that affirmative defense is reinstated.

From 1981 through 1983, the plaintiff entered into three successive contracts with the appellant, Lawrence L. Smith Associates, P. C. (hereinafter Smith), an architectural firm, to reconstruct portions of the roofs of certain school buildings. After the roofs allegedly leaked, the plaintiff commenced this action against Smith in October 1990 to recover damages for breach of contract. As an affirmative defense, Smith averred that the action is barred by the six-year Statute of Limitations applicable to contract actions *(see,* CPLR 213 [2]). Smith argued that the plaintiff's breach of contract claim arose out of the first contract between the parties and accrued in 1982 when the final payment certificate was issued under that contract *(see, Methodist Hosp. v Perkins & Will Partnership,* 203 AD2d 435; *Matter of Kohn Pederson Fox Assocs. [FDIC],* 189 AD2d 557; *Board of Educ. v Celotex Corp.,* 88 AD2d 713, *affd* 58 NY2d 684; *see generally, State of New York v Lundin,* 60 NY2d 987).

The plaintiff moved, *inter alia,* to dismiss the Statute of Limitations defense, contending that the breach of contract cause of action is timely. The plaintiff argued that all three contracts related to a single reconstruction project for which Smith agreed to act as architect and which was not completed until 1985 when the final payment certificate was issued under the third contract. The Supreme Court granted the plaintiff's motion to dismiss the Statute of Limitations defense. We reverse.

The Supreme Court erred in determining that "only one certificate of payment [i.e., the 1985 final payment certificate] was issued for the project." The record clearly demonstrates that completion of the work under the first contract in 1982 was

also accompanied by a final payment certificate. Furthermore, the plaintiff failed to adduce adequate evidence to demonstrate that the three discrete contracts were a single project over which Smith had previously agreed to act as the sole architect. Hence, the plaintiff did not demonstrate that Smith's defense of the Statute of Limitations should be dismissed pursuant to CPLR 3211 (b).

Similarly, the plaintiff failed to establish its contention that it had a continuing professional services relationship with Smith and that, therefore, its breach of contract cause of action is timely and Smith's Statute of Limitations defense should be dismissed. There is a question of fact regarding whether the plaintiff had a continuing professional services relationship with Smith *(see, e.g., De Rubbo v Wayner Assocs.,* 192 AD2d 889; *Samaritan Hosp. v McManus, Longe, Brockwehl,* 92 AD2d 957; *cf., Board of Mgrs. v Vector Yardarm Corp.,* 172 AD2d 303; *Greater Johnstown City School Dist. v Cataldo & Waters, Architects,* 159 AD2d 784; *Board of Educ. v Thompson Constr. Corp.,* 111 AD2d 497). Accordingly, resolution of that issue must, at the very least, await the completion of pretrial disclosure, a process in which the plaintiff has improperly refused to engage. Sullivan, J. P., Miller, Pizzuto and Friedmann, JJ., concur.