◼ MARK E. WILLIAMS et al., Appellants, v RONALD V. DE-CARLO, Doing Business as COUNTY ABSTRACT COMPANY, Defendant, and BRIAN T. EDWARDS, Respondent. [652 NYS2d 801] —Mikoll, J. P. Appeal from an order of the Supreme Court (Torraca, J.), entered September 18, 1995 in Sullivan County, which granted defendant Brian T. Edwards' motion to dismiss the complaint against him for failure to state a cause of action.

Plaintiffs entered into a contract with Ralco Development, Inc. for the construction of a new home on property they owned in the Town of Neversink, Sullivan County. Plaintiffs obtained a construction loan from Mid-Hudson Savings Bank. At the time of the closing of the construction loan, a mechanic's lien had been filed against the property by William Abplanalp, doing business as Abplanalp Construction. In order to proceed with the closing, plaintiffs entered into an escrow agreement with defendant Ronald V. DeCarlo, doing business as County Abstract Company, under which they deposited $10,500 of the mortgage proceeds with County Abstract for the purpose of satisfying the Abplanalp lien.

After the closing, another mechanic's lien was filed against

plaintiffs' property by Narrowsburg Lumber Company, Inc. The Abplanalp lien, however, subsequently expired. Upon the expiration of the Abplanalp lien, Ralco requested County Abstract to pay the $10,500 deposited in the escrow account to it so that it could satisfy the Narrowsburg lien and retain the balance of the proceeds. In exchange for Ralco's indemnification agreement, County Abstract paid the escrow funds to Ralco as requested. Thereafter, plaintiffs commenced this action against County Abstract and Ralco's attorney, defendant Brian T. Edwards, seeking the return of the escrow funds. After joinder of issue, Edwards moved to dismiss the complaint for failure to state a cause of action. Supreme Court granted the motion against all parties and this appeal by plaintiffs ensued.

Initially, it is evident that Supreme Court reached the merits of the parties' dispute and interpreted provisions of the escrow agreement in concluding that the escrow funds "must be considered as a part of the purchase price due the sellers" and thereby dismissing the complaint. We agree with plaintiffs that the court, in effect, treated the motion as one for summary judgment without giving proper notice to the parties so that they could make an appropriate record (see, CPLR 3211 [c]; Mihlovan v Grozavu, 72 NY2d 506, 508; Mercedes-Benz Credit Corp. v Dintino, 198 AD2d 901; Winner v Cuomo, 176 AD2d 60, 64; Kell Enters. v Allen, 151 AD2d 373, 374). As this was error, the complaint should not have been dismissed in its entirety. Nevertheless, the first cause of action alleged in the complaint cannot possibly state a cause of action against Edwards because he was not a party to the escrow agreement. Therefore, we find that Supreme Court properly granted that part of the motion seeking dismissal of the first cause of action against Edwards.

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion and dismissed the first and second causes of action against defendant Ronald V. DeCarlo, doing business as County Abstract Company, and the second cause of action against defendant Brian T. Edwards; motion denied as to said causes of action; and, as so modified, affirmed.