■ EFRAIM SHURKA et al., Appellants, v STEVEN THURMAN, Defendant, and ABRAHAM RUBENSTEIN, Respondent. [694 NYS2d 477] —In an action to recover damages due to defective construction, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DeMaro, J.), entered April 13, 1998, as granted the motion of the defendant Abraham Rubenstein for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court was correct in granting the motion of the respondent Abraham Rubenstein for summary judgment dismissing the complaint insofar as asserted against him as barred by the Statute of Limitations (*see,* CPLR 214 [4], [6]; *Matter of Oriskany Cent. School Dist. [Booth Architects],* 85 NY2d 995; *Harbour Pointe Vil. Homeowners Assn. v Marrano / Marc Equity Joint Venture,* 185 AD2d 648; *Board of Mgrs. of Yardarm Beach Condominium v Vector Yardarm Corp.,* 172 AD2d 303). The plaintiffs may not avoid dismissal of their complaint insofar as asserted against the respondent by characterizing their claim as one to recover damages for fraud. The complaint does not properly allege fraud on the part of the respondent, and the essence of the plaintiffs' action against the respondent is negligence rather than fraud (*see generally, Middle Country Cent. School Dist. v O'Healy Constr. Corp.,* 230 AD2d 777). Bracken, J. P., O'Brien, Thompson and Sullivan, JJ., concur.