■ In the Matter of ENERGY SERVICES, INC., Respondent, v ENERGYPRO CONSTRUCTION PARTNERS, Appellant. [714 NYS2d 764] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal, as limited by the appellant's brief, is from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated November 10, 1999, as, upon the granting of the petitioner's motion to reargue, vacated a prior order and judgment (one paper) of the same court, dated May 12, 1999, *inter alia*, directing the parties to proceed to arbitration, and stayed arbitration.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, upon reargument, the determination in the order and judgment dated May 12, 1999, is adhered to, and the order and judgment is reinstated.

The petitioner Energy Services, Inc. (hereinafter ESI), was contractually obligated to provide "as-built drawings" after the completion of the project and after the "units are accepted by owner for commercial operation". The as-built drawings were intended to reflect changes made in the field during construction.

Contrary to the conclusion of the Supreme Court, the requirement to provide as-built drawings was a substantial obligation of ESI under the contract, and was not ministerial in nature. As a result, the parties' professional relationship ended upon the fulfillment of that contractual obligation on December 8, 1995, rather than upon the actual physical completion of the project on February 1, 1995 (*see, Parsons Brinckerhoff Quade & Douglas v EnergyPro Constr. Partners,* 271 AD2d 233; *Gelwicks v Campbell Surveyors,* 257 AD2d 601; *Methodist Hosp. v Perkins & Will Partnership,* 203 AD2d 435; *Matter of Kohn Pederson Fox Assocs. [FDIC],* 189 AD2d 557; *Board of Educ. v Celotex Corp.,* 88 AD2d 713, *affd* 58 NY2d 684).

Accordingly, the demand for arbitration was timely served on October 20, 1998. Ritter, J. P., Santucci, Goldstein and Feuerstein, JJ., concur.