■ JOHN BELUNES et al., Plaintiffs, v MINSKOFF GRANT REALTY AND MANAGEMENT CORP. et al., Defendants, TUDDA, SCHERER AND ZBOROWSKI, P. C., Respondent, and RAI CORPORATION ITALIAN RADIO-TV SYSTEM, Appellant. (And a Third-Party Action.) [718 NYS2d 318] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered November 9, 1999, which granted defendant T/F/Z Architects' motion to dismiss plaintiffs' complaint as against it and RAI Corporation Italian

Radio-TV System's cross-claim pursuant to CPLR 214-d and 3211 (a) (7) and (h), unanimously reversed, on the law, with costs, the motion denied, the complaint and cross-claim reinstated and the matter remanded for further proceedings.

Pursuant to CPLR 214-d, a plaintiff in a personal injury action against a licensed architect where the design professional's wrongful performance, conduct, or omission occurred more than 10 years prior to the date of claim, must serve a written notice of claim on the defendant at least 90 days before commencement of the action. It is well settled that a personal injury action against a design professional by a party who did not retain the architect accrues on the date of injury (*IFD Constr. Corp. v Corddry Carpenter Dietz & Zack*, 253 AD2d 89, 92) and the 10-year Statute of Limitations begins to run at the completion of the professional relationship, which is usually signaled by the issuance of the final payment certificate (*see, Matter of Kohn Pederson Fox Assocs. [FDIC]*, 189 AD2d 557, 558). Here, the contract to perform the architectural work was executed on September 23, 1988, and plaintiff was injured on July 3, 1996. The record lacks any evidence demonstrating completion of defendant T/F/Z Architects' contractual obligations. Therefore, the statutory condition precedent of service of notice of claim is not required herein since more than 10 years did not pass between the completion of architectural work as signified by the required final payment certificate and accrual of the claim on July 3, 1996. The IAS Court improperly granted the motion to dismiss inasmuch as defendant T/F/Z failed to demonstrate entitlement to the benefits of the statutory dismissal provisions.

While T/F/Z contends that it withdrew the branch of its motion based upon CPLR 214-d, there is no evidence of this in the record. Defendant-respondent's argument that the IAS Court granted the motion to dismiss on CPLR 3211 grounds is without merit. Since a notice of claim is not required in the instant action, the standards for dismissal under CPLR 3211 (h) have not been met. Concur—Mazzarelli, J. P., Lerner, Rubin, Buckley and Friedman, JJ.