■ RECKSON OPERATING PARTNERSHIP, L.P., Respondent, v NEW YORK STATE URBAN DEVELOPMENT CORPORATION et al., Appellants. [751 NYS2d 279] —In an action, inter alia, to recover payment for services rendered, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), entered September 20, 2001, as denied that branch of their motion which was for summary judgment dismissing the third, fourth, fifth, and sixth causes of action and granted that branch of the plaintiff's cross motion which was for an award of interest at the statutory rate of 9% per annum from November 22, 1999, on its first cause of action for return of an escrow deposit.

Ordered that the order is modified, on the law, by deleting the provision thereof awarding interest at the statutory rate of 9% per annum from November 22, 1999, and substituting therefor a provision awarding the interest that accrued in the escrow account; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the third through sixth causes of action. Contrary to the defendants' contention, the Invitation to Bid (hereinafter ITB) which they issued does not, as a matter of law, bar the plaintiff's recovery, inter alia, in quasi contract. There is an issue of fact as to whether the work the plaintiff performed was covered by the terms of the ITB. If the work was beyond that contemplated by the ITB, the plaintiff may seek recovery, inter alia, in quasi contract (*see Joseph Sternberg, Inc. v Walber 36th St. Assoc.,* 187 AD2d 225; *Sforza v Health Ins. Plan of Greater N.Y.,* 210 AD2d 214; *compare Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382, 388-389).

The Supreme Court erred, however, in determining that the plaintiff was entitled to interest at the statutory rate of 9% per annum from November 22, 1999, on its first cause of action seeking the return of an escrow deposit. The plaintiff could

have obtained an unconditional release of the escrow deposit in November 1999, but did not do so. Since there was no act or omission depriving the plaintiff of its property or interfering with its property at that time, it was only entitled to the interest which accrued in the escrow account and not an additional award of interest (see CPLR 5001 [a]). Therefore, the defendants are not liable for the difference between the accrued interest and interest calculated at the statutory rate.

The defendants' remaining contentions are either without merit or need not be addressed in light of the foregoing. Altman, J.P., S. Miller, Luciano and Rivera, JJ., concur.