■ ANGELO J. CHIARELLA, Respondent, v MIDTOWN ROCHESTER, LLC, et al., Defendants, and LASALLE PARTNERS MANAGEMENT SERVICES, INC., Appellant. [764 NYS2d 898] —Appeal from an order of Supreme Court, Monroe County (Stander, J.), entered September 25, 2002, which granted plaintiff's motion for summary judgment on the first cause of action and denied the cross motion of defendant LaSalle Partners Management Services, Inc. for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying plaintiff's motion and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover sums allegedly due as compensation for services he performed in connection with the management of Midtown Plaza in Rochester. Supreme Court properly denied that part of the cross motion of defendant LaSalle Partners Management Services, Inc. (LaSalle) seeking summary judgment dismissing the first cause of action against it, alleging, inter alia, that LaSalle breached its agreement to compensate plaintiff for his services. Contrary to LaSalle's contention, the agreement alleged by plaintiff is not "a special promise to answer for the debt, default or miscarriage of another person" (General Obligations Law § 5-701 [a] [2]). Rather, under the terms of the agreement alleged by plaintiff, LaSalle undertook its own independent obligation to compensate plaintiff for his services. Thus, the affirmative defense of the statute of frauds raised by LaSalle is unavailing (see De Rubbo v Wayner Assoc., 192 AD2d 889, 891 [1993]; Paribas Props. v Benson, 146 AD2d 522, 524-525 [1989]). The court also properly denied that part of the cross motion of LaSalle seeking summary judgment dismissing the second cause of action against it, which seeks recovery in quantum meruit, inasmuch as LaSalle failed to meet its burden of establishing as a matter of law that plaintiff may not recover under that theory (see Reckson Operating Partnership v New York State Urban Dev. Corp., 300 AD2d 291 [2002]; Avon Elec. Supplies v Baywood Elec. Corp., 200 AD2d 697, 698-699 [1994]). The court erred, however, in granting plaintiff's motion for summary judgment on the first cause of action. The submissions of the parties raise triable issues of fact whether plaintiff and LaSalle "ever came to a meeting of the minds so as to have

entered into an enforceable agreement" (*Baumann Assoc. v H & M Intl. Transp.*, 171 AD2d 479, 483 [1991]). We therefore modify the order by denying plaintiff's motion. Present—Green, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ.