■ MARGARET RICHARDS, Plaintiff, v GUIDO PASSARELLI et al., Defendants and Third-Party Plaintiffs/Second Third-Party Plaintiffs-Respondents, et al., Defendant. CALVANICO ASSOCIATES, INC., Second Third-Party Defendant-Appellant. [897 NYS2d 438]—

The second third-party plaintiffs, Guido Passarelli, Lucy Passarelli, and the Passarelli Family Partnership, L.P. (hereinafter collectively Passarelli), entered into a contractual relationship with the second third-party defendant, Calvanico Associates, Inc. (hereinafter Calvanico), in August 1995. Calvanico, which employed a licensed architect, was charged with preparing construction documents for a parking lot in Staten Island. In April 2005 the plaintiff, Margaret Richards, allegedly was injured in an automobile accident in the parking lot, and Richards subsequently commenced this action to recover damages for personal injuries against Passarelli and another defendant.

In August 2007 Passarelli filed a second third-party complaint

against Calvanico for, inter alia, indemnification and contribution. Calvanico moved to dismiss the second third-party complaint on the ground that Passarelli failed to serve a notice of claim at lease 90 days prior to the commencement of the second third-party action as required by CPLR 214-d when the "professional performance, conduct or omission" of the licensed architect occurred "more than ten years prior to the date of [the] claim" (CPLR 214-d [1]). In support of its motion, Calvanico submitted two affidavits by Alphonse Calvanico, the licensed architect who managed the subject project and the self-described "principal of" Calvanico, attesting that Calvanico had not performed any services on the subject property in the previous 10 years, and that it had completed its services prior to August 1, 1997. The Supreme Court denied the motion. We affirm.

Under CPLR 214-d (1), "[a]ny person asserting a . . . third-party claim for contribution or indemnification arising out of an action for personal injury . . . against a licensed architect . . . which is based upon the professional performance, conduct or omission by such licensed architect . . . occurring more than ten years prior to the date of such claim, shall give written notice of such claim to each such architect . . . at least ninety days before the commencement of any action or proceeding." The 10-year period begins to run at the completion of the professional relationship (*see Belunes v Minskoff Grant Realty & Mgt. Corp.*, 278 AD2d 143, 144 [2000]; *Methodist Hosp. v Perkins & Will Partnership*, 203 AD2d 435 [1994]; *Matter of Kohn Pederson Fox Assoc. [FDIC]*, 189 AD2d 557, 558 [1993]). The completion of an architect's obligations must be viewed in light of the particular circumstances of the case (*see Frank v Mazs Group, LLC*, 30 AD3d 369 [2006]; *Board of Educ. of Tri-Val. Cent. School Dist. at Grahamsville v Celotex Corp.*, 88 AD2d 713 [1982], *affd* 58 NY2d 684 [1982]).

Here, the evidence submitted by Calvanico failed to establish when its professional relationship with Passarelli ended. Alphonse Calvanico's affidavits merely attested that Calvanico did "not perform[ ] any services to the premises within the last ten years," and that "Calvanico completed its services regarding the subject parking lot before August 1, 1997." However, these conclusory and self-serving representations, without more, were insufficient to establish, as a matter of law, that Calvanico's professional relationship with Passarelli ended more than 10 years prior to the date of the claim for, inter alia, indemnification and contribution asserted in the second third-party action. Accordingly, and in the absence of any other evidence relevant

to when the professional relationship ended, the Supreme Court properly denied Calvanico's motion to dismiss the second third-party complaint based on Passarelli's failure to comply with the notice requirement of CPLR 214-d (see Belunes v Minskoff Grant Realty & Mgt. Corp., 278 AD2d at 143). Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.