■ N. R. S. CONSTRUCTION CORPORATION, Plaintiff, v BOARD OF EDUCATION, CENTRAL SCHOOL DISTRICT NO. 2, TOWNS OF YORKTOWN, NEW CASTLE and CORTLANDT, Appellant. N. R. S. CONSTRUCTION CORPORATION, Plaintiff, v BOARD OF EDUCATION, CENTRAL SCHOOL DISTRICT NO. 2, TOWNS OF YORKTOWN, NEW CASTLE and CORTLANDT, Appellant, and EMILIO J. DI RIENZO, Respondent. — Appeal by defendant Board of Education, Central School District, No. 2, Towns of Yorktown, New Castle and Cortlandt from an order of the Supreme Court, Westchester County (Slifkin, J.), dated November 23, 1979, which granted the motion of the additional defendant Emilio John Di Rienzo for summary judgment dismissing its third counterclaim insofar as asserted against him. Order reversed, with $50 costs and disbursements, and motion denied. The counterclaim in question asserts a cause of action to recover against an architect for breach of contract or for professional malpractice. Under either theory the board's claim accrued on the date of completion of the project which was the subject of the architectural contract between the parties and the consequent termination of their professional relationship thereunder *(Sosnow v Paul,* 36 NY2d 780). In *Sears, Roebuck & Co. v Enco Assoc.* (43 NY2d 389, 395) it was held that "claims by owners against architects arising out of the performance or nonperformance of obligations under contracts between them are governed by the six-year contract Statute of Limitations (CPLR 213, subd 2), except with respect to the issue of damages" (see, also,

*Matter of Paver & Wildfoerster [Catholic High School Assn.],* 38 NY2d 669). This record presents a vigorously disputed question of fact as to whether the board's claim against the architect was interposed within six years of the date of completion of the project, the board contending that although begun in 1966, to date the project has not been completed. Since the date of completion of the plaintiff's general construction duties under its contract is the subject of the board's second counterclaim, it is our view that determination of the Statute of Limitations issue, turning as it does upon the related question of the date of full completion of the project, should also await trial. Damiani, J. P., Gibbons, Cohalan and O'Connor, JJ., concur.