■ A. T. & M. DEVELOPMENT CORP., Respondent, v HAWVER & EWASICK, INC., Appellant. — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered September 4, 1981 in Columbia County, which denied defendant's motion for summary judgment. Plaintiff's underlying action asserts four separate causes of action to recover damages resulting from allegedly defective roofs on a shopping center installed by defendant pursuant to an oral contract. Installation of the roofs was completed by March, 1971, and final payment of the agreed sum was made on November 16, 1971. The record demonstrates that defendant began repairing defects during that same year, and continuing through 1976, without apparent success. Defendant's last repair was on January 14, 1976. Ultimately, plaintiff had a new roof installed by another contractor at a cost of $56,055. The instant action was commenced on May 25, 1978 to recover the full cost of replacement and repairs. Following joinder of issue, defendant moved for summary judgment on the grounds that no triable issue of fact existed and each cause of action was barred by the Statute of Limitations. In denying the motion, Special Term held that triable questions of fact existed as to when defendant breached its contractual obligation; that the pleadings supported a claim of negligent repair; and that the facts suggested a possibility of estoppel against defendant precluding summary judgment. Defendant has appealed. There should be an affirmance. "'[I]ssue-finding, rather than issue-determination, is the key'" to the summary judgment procedure (*Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404, quoting *Esteve v Abad,* 271 App Div 725, 727). It is undisputed that the contract in issue was for services to which a six-year Statute of Limitations applies (CPLR 213). The dispute concerns the accrual of the cause of action for purposes of measuring this time limitation. Generally, in contract cases, the cause of action accrues and the Statute of Limitations begins to run from the time of the breach (*Kassner & Co. v City of New York,* 46 NY2d 544, 550). Plaintiff contends that the original contract was not breached until the final attempt at repair failed. Defendant, citing *Triangle Underwriters v Honeywell, Inc.* (604 F2d 737), argues that the cause of action accrued no later than December of 1971, when the subject buildings were occupied by their

respective tenants. Resolution of this issue is not settled by the mere fact of installation or fee payment, but upon the responsibilities of the parties in carrying out their agreement. In our view, since repairs were undertaken, a question of fact exists as to when defendant actually breached its contractual obligation, and thus summary judgment was properly denied (*Scolite Int. Corp. v Vincent J. Smith, Inc.*, 68 AD2d 417; see *N. R. S. Constr. Corp. v Board of Educ.*, 82 AD2d 876). The *Triangle* case, involving a contract for the sale of goods governed by the Uniform Commercial Code, is not dispositive of the issues in the instant service contract. We agree with Special Term that a claim of negligent failure to repair, against which the Statute of Limitations had not yet run, was sufficiently stated within the pleadings to survive defendant's summary judgment motion (CPLR 3013; see *Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 280-281). However, we cannot agree that the facts, as presented, support the possibility of an estoppel against defendant. Plaintiff does not allege, nor does the record suggest that defendant made false statements of fact or actively concealed true facts to induce plaintiff to refrain from instituting a timely action (*Atkins & Durbrow v Home Ind. Co.*, 84 AD2d 637, affd 55 NY2d 859; *Immediate v St. John's Queens Hosp.*, 48 NY2d 671; *Jordan v Ford Motor Co.*, 73 AD2d 422, 423-424). Under such circumstances, defendant may not be estopped from asserting a Statute of Limitations defense. Finally, we reject defendant's challenge to plaintiff's second cause of action based on breach of warranty. Although not specifically stated in its complaint or bill of particulars, plaintiff's pretrial deposition clearly raises a triable issue as to whether a "twenty year roof" was expressly warranted, notwithstanding the absence of a roof bond. Since plaintiff has made out a cause of action in its submissions, summary judgment may not be granted (*Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 280-281, *supra*). Order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.