■ In the Matter of NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent, v VILLAGE OF GENESEO, Appellant. — Appeal from a

judgment of the Supreme Court at Special Term (Williams, J.), entered October 26, 1982 in Albany County, which, in a proceeding pursuant to section 213 of the Civil Service Law, granted enforcement of the order of petitioner New York State Public Employment Relations Board issued May 11, 1982. On May 11, 1982, the New York State Public Employment Relations Board (PERB) issued a decision and order in an improper practice proceeding which found that respondent Village of Geneseo improperly created and filled a new position so as to deprive the employee, Joseph Guarino, of a promotion. Subsequently, after efforts to obtain compliance with the order of PERB were unsuccessful and after expiration of the time for commencement of an article 78 proceeding ·as authorized by subdivision (a) of section 213 of the Civil Service Law, PERB commenced the instant enforcement proceeding. Special Term granted the relief requested and this appeal ensued. There should be an affirmance. Respondent's contention that it is not barred by the 30-day limitation of section 213 of the Civil Service Law from challenging the PERB order on the merits because the PERB order requires respondent to do an illegal act and is, therefore, beyond PERB's jurisdiction is not persuasive. The portion of the order said to be beyond PERB's jurisdiction and hence void ordered that respondent: "Pay Joseph Guarino the salary and all other benefits accruing to the position of Deputy Police Chief since the filling of that position and until such time as the Unit Placement status of the position of Deputy Police Chief is determined by this Board." Respondent's assertion that this direction requires it to pay a public servant for work he did not do in violation of section 1 of article VIII of the New York State Constitution is without merit (*Matter of Antonopoulou v Beame,* 32 NY2d 126, 131; *Matter of City of Albany v Helsby,* 29 NY2d 433; *Matter of Board of Coop. Educational Servs. Sole Supervisory Dist., Onondaga & Madison Counties v New York State Public Employment Relations Bd.,* 82 AD2d 876). Subdivision (a) of section 213 of the Civil Service Law bars respondent from challenging the merits of PERB's order in this enforcement proceeding instituted subsequent to the expiration of the 30-day time limit for the commencement of a review proceeding (see *Matter of New York State Public Employment Relations Bd. v Board of Educ.,* 39 NY2d 86). Judgment affirmed, with costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.