■ CLAUDIA FENTON, Respondent, v MITCHELL FENTON, Appellant. [678 NYS2d 358] —In an action to recover damages, inter alia, for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated September 15, 1997, as granted those branches of the plaintiff's cross motion which were for leave to serve an amended complaint adding Nicole Fenton as a plaintiff, and to assert a cause of action based on promissory estoppel.

Ordered that the order is reversed insofar as appealed from, with costs, those branches of the cross motion which were for leave to serve an amended complaint adding Nicole Fenton as a plaintiff and to assert a cause of action based on promissory estoppel are denied, and the amended complaint is dismissed.

In 1992, Nicole Fenton, the daughter of the plaintiff Claudia Fenton (hereinafter the mother) and her ex-husband, the defendant Mitchell Fenton (hereinafter the father), was planning a wedding. In connection with the wedding plans, the father executed a contract with Tribute Caterers (hereinafter Tribute), paying a deposit of $2,000. Tribute agreed to provide service and food for Nicole's wedding at a Jewish center in Great Neck. Although the father had agreed to pay two more installments for a total contract price of $21,000, he failed to do so. The mother, who had separately contracted with other wedding service providers, thereafter signed a contract with Tribute to pay for the services it rendered, and the daughter was married in September 1993.

The mother commenced an action against the father seeking to recover the balance of the Tribute contract which she had paid and other monies allegedly expended in reliance upon the father's "offer" to pay for his daughter's wedding. The father moved to dismiss the complaint for failure to state a cause of action, arguing that the mother was not the intended beneficiary of the Tribute contract, and the alleged oral promise was too indefinite to be enforceable and was barred by the Statute of Frauds.

The mother cross-moved for leave to serve an amended complaint adding the daughter as a plaintiff, to assert a cause of action on behalf of the daughter as the third-party intended beneficiary of the Tribute contract based upon the father's oral promises to the daughter to pay for her wedding, and to add a cause of action on behalf of the mother to recover damages based on promissory estoppel. The court granted the defendant's motion to dismiss the complaint, but granted those branches of the cross motion which were for leave to serve an amended complaint asserting a cause of action on behalf of the daughter as a third-party beneficiary of the contract and the mother's cause of action based on promissory estoppel. We disagree with the Supreme Court's determination, and find that the mother failed to sustain her burden of showing that the proposed amended complaint was meritorious (*see, Karma Equities v Gucciardo*, 210 AD2d 456; *see also, Nasuf Constr. Corp. v State of New York*, 185 AD2d 305, 306).

It is well settled that a third party may establish that he or she is the beneficiary of a contract by showing (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for his or her benefit, and (3) that the benefit to him or her is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate the beneficiary if the benefit is lost (*see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 44-45; *see also, Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 336). Contrary to the mother's contention, there is no evidence to support the claim that the father and Tribute, the contracting parties, intended that if either breached the contract, the daughter would be compensated for any lost benefit.

Furthermore, the mother's cause of action based on promissory estoppel cannot be sustained since the father's alleged promise, based upon his purported statement that she should let him know the cost of the wedding, is too ambiguous to convey the understanding that the father would reimburse the mother for any expenses she incurred for the wedding, and it was unreasonable for her to rely upon such a representation (*see, Ripple's of Clearview v Harvre Assocs.*, 88 AD2d 120, 122-123; *see also, Rogers v Town of Islip*, 230 AD2d 727).

Since the mother failed to sustain her burden of demonstrating that the proposed amended complaint was meritorious (*see, Karma Equities v Gucciardo, surpa; see also, Nasuf Constr. Corp. v State of New York, supra*), her cross motion should have been denied in its entirety. Thompson, J. P., Krausman, Goldstein and Luciano, JJ., concur.