■ ALFRED W. LEVY, Appellant, v T.P. LUSS & COMPANY et al., Respondents. [699 NYS2d 438] —In an action, *inter alia,* to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated July 16, 1998, which denied his motion for summary judgment, and granted the cross motion of the defendants for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff contends that his action is, at least in part, based on allegations that the life insurance policies in question were modified as the result of certain representations made by the defendant insurance agent, including those contained in a letter dated August 14, 1984. He further argues that these so-called "modified insurance contracts" were then breached by the defendants. The plaintiff "readily admits that [the] breach occurred in August, 1984". The plaintiff contends that this breach did not produce any actual harm until 1990, and that the action, commenced in 1995, was therefore timely.

This argument is without merit. The complaint contains no cause of action predicated on the theory that the insurance contracts incorporated the representations made by the defendant agent, or were otherwise modified thereby. In any event, the plaintiff is incorrect in asserting that a cause of action based on contract accrues as of the date of injury. The law in the State of New York is to the contrary, and provides that a cause of action based on contract accrues upon the occurrence of the breach (*see, e.g., Kronos, Inc. v AVX Corp.,* 81 NY2d 90; *Ely-Cruikshank Co. v Bank of Montreal,* 81 NY2d 399). Bracken, J. P., S. Miller, Thompson and Friedmann, JJ., concur.