■ COUNTY OF ROCKLAND, Appellant, v KAEYER, GARMENT & DAVIDSON ARCHITECTS, P.C., et al., Respondents. [766 NYS2d 359] —In an action, inter alia, to recover damages for professional malpractice and breach of contract, the plaintiff appeals from an order of the Supreme Court, Rockland County (Bergerman, J.), dated June 13, 2002, which granted the defendants' motion to dismiss the complaint as time-barred pursuant to CPLR 3211 (a) (5).

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendants' motion to dismiss the complaint as time-barred pursuant to CPLR 3211 (a) (5). A professional malpractice cause of action asserted against an architect accrues upon completion of performance, when the architect's professional relationship with the owner ends (*see Parsons Brinckerhoff Quade & Douglas v Energypro Constr. Partners,* 271 AD2d 233, 234 [2000]; *Methodist Hosp. v Perkins & Will Partnership,* 203 AD2d 435 [1994]). Here, the professional relationship between the plaintiff and the defendant Kaeyer, Garment & Davidson Architects, P.C. (hereinafter KGD) ended when KGD submitted its final addendum on September 27, 1995. The plaintiff's action against KGD was commenced more than three years after that date, and thus, the professional malpractice cause of action was barred by the three-year statute of limitations (*see* CPLR 214 [6]).

The plaintiff's breach of contract cause of action against the defendant Falk Associates, Inc. (hereinafter Falk), the consultant hired by KGD, is also barred by the statute of limitations. A breach of contract cause of action accrues, and the six-year statute of limitations starts to run, upon the occurrence of the breach (*see* CPLR 213 [2]; *Ely-Cruikshank Co. v Bank of Montreal,* 81 NY2d 399, 402 [1993]; *Mauro v Niemann Agency,* 303 AD2d 468 [2003]; *Levy v Luss & Co.,* 267 AD2d 213 [1999]; *Bernstein v La Rue,* 120 AD2d 476, 477 [1986]). Falk completed its work pursuant to its contract as a consultant for KGD on July 13, 1995. The plaintiff's action was commenced more than six years after that date, and thus, the breach of contract cause of action was time-barred.

In light of the foregoing, we need not reach the parties' remaining contentions. Altman, J.P., Krausman, Goldstein and Luciano, JJ., concur.