In the Matter of the Estate of THOMAS CARVEL, Deceased. THOMAS AND AGNES CARVEL FOUNDATION, Respondent-Appellant; PAMELA CARVEL et al., Appellants-Respondents; ROBERT M. DAVIS et al., Respondents-Respondents, et al., Respondents. [769 NYS2d 402]—

In consolidated proceedings, inter alia, for restraints on the conveyance of certain funds and real property, (1) Pamela Carvel and Leonard M. Ross separately appeal from stated portions of a decree of the Surrogate's Court, Westchester County (Scarpino, S.), entered July 8, 2002, which, after a nonjury trial, inter alia, determined that an agreement between Thomas Carvel and Agnes Carvel dated February 13, 1988, is valid and enforceable, and (2) Thomas and Agnes Carvel Foundation cross-appeals from so much of the same decree as denied its application for a direct distribution of certain purported assets of the estate of Agnes Carvel in its capacity as a creditor of the estate of Agnes Carvel pursuant to SCPA 1610.

Ordered that the decree is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the cross appeal by Thomas and Agnes Carvel Foundation is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (see 22 NYCRR 670.8 [c], [e]).

In 1988 Thomas Carvel and his wife Agnes executed identical wills. The wills created a testamentary trust for the benefit of the surviving spouse, the income of which was to be paid to the surviving spouse and the remainder to Thomas and Agnes Carvel Foundation (hereinafter the Foundation), the sole residuary beneficiary. In addition, Thomas Carvel and Agnes Carvel entered into a reciprocal agreement in which they agreed that the surviving party to the agreement would not, subsequent to the death of the other party, make "gratuitous" transfers or in any way change the provisions of his or her will.

The Foundation, which seeks to enforce the agreement entered into by Thomas Carvel and Agnes Carvel, both now deceased, and to recover funds and real property transferred by the Carvels, correctly argues that it has standing to do so since it is a third-party beneficiary of the agreement (see Fourth Ocean Putnam Corp. v Interstate Wrecking Co., 66 NY2d 38 [1985]; Fenton v Fenton, 253 AD2d 844 [1998]). Also, the proceedings to enforce the agreement were commenced within six years of September 6, 1994, the date when Agnes Carvel transferred four parcels of real property to Realities, a Delaware Business Trust, in violation of the agreement, and the earliest date upon which a breach of the agreement occurred. Accordingly, the proceedings were timely commenced (see Levy v Luss & Co., 267 AD2d 213 [1999]).

The remaining contentions of Pamela Carvel and Leonard M. Ross are without merit. Further, the Foundation's claims as to the court's refusal to dismiss a counterclaim and certain affirmative defenses are academic given the court's ultimate resolution of the case. Krausman, J.P., McGinity, Townes and Cozier, JJ., concur.