■ Howard Frank et al., Respondents, v Mazs Group, LLC, Defendant, and Lawrence H. Pinner, Doing Business as Pinner Associates, Appellant. [815 NYS2d 738]—

In a consolidated action, inter alia, to recover damages for professional malpractice, the defendant Lawrence H. Pinner, doing business as Pinner Associates, appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dorsa, J.), dated July 11, 2005, as denied that branch of his motion which was pursuant to CPLR 3211 (a) (5) and 214 (6) to dismiss the complaint insofar as asserted against him as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

A cause of action to recover damages for professional malpractice against an architect for defective design or construction

accrues upon the actual completion of the work to be performed and the consequent termination of the professional relationship (*see Brushton-Moira Cent. School Dist. v Thomas Assoc.,* 91 NY2d 256, 261 [1998]; *County of Rockland v Kaeyer, Garment & Davidson Architects,* 309 AD2d 891 [2003]; *IFD Constr. Corp. v Corddry Carpenter Dietz & Zack,* 253 AD2d 89, 92 [1999]; *Board of Mgrs. of Yardarm Beach Condominium v Vector Yardarm Corp.,* 109 AD2d 684, 686 [1985]; *N. R. S. Constr. Corp. v Board of Educ., Cent. School Dist. No. 2, Towns of Yorktown, New Castle & Cortlandt,* 82 AD2d 876 [1981]). The completion of an architect's obligations must be viewed in light of the particular circumstances of the case (*see Board of Educ. of Tri-Val. Cent. School Dist. at Grahamsville v Celotex Corp.,* 88 AD2d 713, 714 [1982], *affd* 58 NY2d 684 [1982]). Here, the appellant, the architect who designed the plaintiffs' one-family home, was obligated to obtain a certificate of occupancy (*see Board of Mgrs. of Yardarm Beach Condominium v Vector Yardarm Corp., supra;* cf. *Parsons Brinckerhoff Quade & Douglas v EnergyPro Constr. Partners,* 271 AD2d 233, 234 [2000]; *Matter of Kohn Pederson Fox Assoc. [FDIC],* 189 AD2d 557, 558 [1993]). Moreover, the record demonstrates that the appellant applied for the certificate of occupancy after construction was completed and thereafter made a supplemental submission in support of the application. Under the circumstances of this case, the plaintiffs' claims against the appellant did not begin to accrue for statute of limitations purposes until the issuance of the certificate of occupancy on December 20, 2001. Accordingly, the Supreme Court properly determined that the claims which were asserted against the appellant on October 14, 2004, were not time-barred pursuant to CPLR 214 (6).

The appellant's remaining contentions are without merit. Crane, J.P., Rivera, Skelos and Dillon, JJ., concur.