■ M.G. McLAREN, P.C., Appellant, v MASSAND ENGINEERING, L.S., P.C., Respondent. [858 NYS2d 340]—

In an action to recover damages for professional malpractice, the plaintiff appeals from an order of the Supreme Court, Rockland County (Nelson, J.), dated March 2, 2007, which granted the defendant's motion to dismiss the complaint as time-barred.

Ordered that the order is affirmed, with costs.

Actions for malpractice against nonmedical professionals are governed by the three-year statute of limitations set forth in CPLR 214 (6) (*see Town of Wawarsing v Camp, Dresser & McKee, Inc.,* 49 AD3d 1100 [2008]). A cause of action alleging professional malpractice against an engineer "accrues upon the completion of performance under the contract and the consequent termination of the parties' professional relationship" (*id.* at 1101-1102; *see Frank v Mazs Group, LLC,* 30 AD3d 369 [2006]; *County of Rockland v Kaeyer, Garment & Davidson Architects,* 309 AD2d 891 [2003]). Contrary to the plaintiff's contention, the professional relationship between the parties ended when the defendant submitted its final survey on April 13, 2001. The plaintiff's action against the defendant was commenced more than three years later.

Additionally, the continuous representation doctrine does not apply in this case because the defendant did not provide continuous services to the plaintiff and there was no mutual understanding that the plaintiff required further survey work after the defendant's submission of the final survey (*see Williamson v PricewaterhouseCoopers LLP,* 9 NY3d 1, 9 [2007]; *National Life Ins. Co. v Hall & Co. of N.Y.,* 67 NY2d 1021, 1023 [1986]). The communications relied upon by the plaintiff, which took place between the parties in the years 2003, 2005, and 2006, were insufficient to establish that there was a continuous relationship that tolled the statute of limitations (*see Williamson v PricewaterhouseCoopers LLP,* 9 NY3d at 9).

Accordingly, the Supreme Court properly granted the defendant's motion to dismiss the complaint as time-barred. Prudenti, P.J., Miller, Carni and Chambers, JJ., concur.