■ PAUL J. NAPOLI, Appellant, v MOISAN ARCHITECTS, Respondent. [909 NYS2d 389]—

In an action to recover damages for professional malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty III, J.), entered April 8, 2009, which granted the defendant's motion for summary judgment dismissing the complaint as time-barred.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, his cause of action to recover damages for breach of contract "is essentially a malpractice" cause of action (*Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.]*, 3 NY3d 538, 542 [2004]), which is governed by a three-year statute of limitations (*see* CPLR 214 [6]). Such a cause of action begins to accrue upon the completion of performance and the consequent termination of the parties' professional relationship, which must be viewed in light of the particular circumstances of the case (*see City School Dist. of City of Newburgh v Stubbins & Assoc.*, 85 NY2d 535, 538 [1995]; *Frank v Mazs Group, LLC*, 30 AD3d 369, 369-370 [2006]; *County of Rockland v Kaeyer, Garment & Davidson Architects*, 309 AD2d 891 [2003]). The defendant satis-

fied its prima facie burden of establishing its entitlement to judgment as a matter of law by demonstrating that the professional malpractice cause of action began to accrue more than three years prior to the commencement of the action (*see M.G. McLaren, P.C. v Massand Eng'g, L.S., P.C.*, 51 AD3d 878 [2008]; *County of Rockland v Kaeyer, Garment & Davidson Architects*, 309 AD2d at 891). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The parties' remaining contentions have been rendered academic in light of our determination. Rivera, J.P., Angiolillo, Chambers and Austin, JJ., concur.