■ JOHN VLAHAKIS, Appellant, v BELCOM DEVELOPMENT, LLC, et al., Defendants, and FRANK PETRUSO, Respondent. (And a Third-Party Action.) [927 NYS2d 152]—

In June 2005 the defendant Belcom Development, LLC (hereinafter Belcom), a home builder, entered into a contract with the defendant Frank Petruso, a licensed architect, to provide architectural services for Belcom's construction of a new one-family home in Manhasset. On July 24, 2006, the plaintiff contracted with Belcom to purchase the home. One week later, on August 1, 2006, the Town of North Hempstead issued a certificate of occupancy for the home. On December 18, 2006, closing of title took place, and the plaintiff moved into the new home with his family. Thereafter, the plaintiff allegedly discovered several defects, including framing deficiencies and problems with the ductwork and heating and cooling systems. On or about November 13, 2009, the plaintiff commenced this action against Belcom and Petruso, among others. Petruso moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him on the ground that the action against him was time-barred. The plaintiff appeals from so much of the order of the Supreme Court as granted that branch of Petruso's motion which was for summary judgment dismissing the complaint insofar as asserted against him. We affirm the order insofar as appealed from.

A cause of action to recover damages against an architect for professional malpractice is governed by a three-year statute of limitations (*see* CPLR 214 [6]; *Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.]*, 3 NY3d 538, 542 [2004]; *Napoli v Moisan Architects*, 77 AD3d 895 [2010]).

Such cause of action accrues "upon the actual completion of the work to be performed and the consequent termination of the professional relationship" (*Frank v Mazs Group, LLC*, 30 AD3d 369, 369-370 [2006]; *see City School Dist. of City of Newburgh v Stubbins & Assoc.*, 85 NY2d 535, 538 [1995]). "The completion of an architect's obligations must be viewed in light of the particular circumstances of the case" (*Frank v Mazs Group, LLC*, 30 AD3d at 370). Here, Petruso established, prima facie, that the cause of action against him accrued more than three years prior to commencement of the action (*see Napoli v Moisan Architects*, 77 AD3d at 895). Specifically, the cause of action against Petruso accrued, not on December 18, 2006, the date of closing of title, but on August 1, 2006, when the certificate of occupancy was issued and Petruso's obligations under the contract with Belcom ceased (*see City School Dist. of City of Newburgh v Stubbins & Assoc.*, 85 NY2d at 538). Petruso established his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him by establishing that the action against him was time-barred. In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions either are without merit or have been rendered academic by our determination.

Accordingly, the Supreme Court properly granted that branch of Petruso's motion which was for summary judgment dismissing the complaint insofar as asserted against him as time-barred. Dillon, J.P., Covello, Chambers and Roman, JJ., concur.