■ MARC SOFFLER et al., Appellants, v DANNY ISLA, Respondent. [946 NYS2d 484]—

In an action to recover damages for professional malpractice, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Pitts, J.), dated March 9, 2011, which granted the defendant's motion, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is affirmed, with costs.

The defendant made a prima facie showing that at the time this action was commenced, the statute of limitations had expired, and in opposition, the plaintiffs failed to raise an issue of fact as to whether the statute of limitations was tolled or otherwise inapplicable (*see Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO*, 91 AD3d 768 [2012]; *Rakusin v Miano*, 84 AD3d 1051 [2011]).

Actions for malpractice against nonmedical professionals are governed by the three-year statute of limitations set forth in CPLR 214 (6) (*see Town of Wawarsing v Camp, Dresser & Mc-*

*Kee, Inc.*, 49 AD3d 1100, 1101 [2008]). A cause of action alleging professional malpractice against an engineer "accrues upon the completion of performance under the contract and the consequent termination of the parties' professional relationship" (*id.* at 1101-1102; *see M.G. McLaren, P.C. v Massand Eng'g, L.S., P.C.*, 51 AD3d 878 [2008]). Contrary to the plaintiffs' contention, the defendant established, prima facie, that the professional relationship between the parties ended after the parties' final communication on October 24, 2005. This action was commenced more than three years later. Additionally, the continuous representation doctrine does not apply in this case because the defendant did not provide continuous services to the plaintiffs and there was no mutual understanding that the plaintiffs required further assistance from him after his response to their final e-mail message (*see Williamson v PricewaterhouseCoopers LLP*, 9 NY3d 1, 9 [2007]; *National Life Ins. Co. v Hall & Co. of N.Y.*, 67 NY2d 1021, 1023 [1986]).

Accordingly, the Supreme Court properly granted the defendant's motion, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.