■ WILLIS AVE DEVELOPMENT, LLC, Appellant, v BLOCK 3400 CONSTRUCTION CORP. et al., Defendants, and LAURIA ASSOCIATES et al., Respondents. [37 NYS3d 160]—

In an action, inter alia, to recover damages for professional malpractice, negligent misrepresentation, and fraud, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated January 24, 2014, as granted those branches of the separate motions of the defendants Lauria Associates and Edward Lauria, the defendant Stanley Michael Krebushevski, and the defendant Adam Krebushevski, which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Sometime prior to 2001, the defendant Block 3400 Construction Corp. (hereinafter Block 3400) purchased a piece of undeveloped property located on Willis Avenue in Staten Island. The defendant Robert Arminante is Block 3400's principal. The defendant Adam Krebushevski (hereinafter Adam), who is not a licensed professional, prepared a preliminary sketch for Arminante to illustrate what could be developed on the property. Subsequently, in about 2001, Arminante hired Adam's son, the defendant Stanley Michael Krebushevski (hereinafter Stanley), who is an architect, to develop an architectural site plan for the property and to obtain approval of that plan by the New York City Department of Buildings (hereinafter the DOB). Stanley prepared the site plan and then subcontracted the job of obtaining approval of the site plan by the DOB to the defendant Edward Lauria, a licensed engineer, and his firm, the defendant Lauria Associates (hereinafter together Lauria). Lauria obtained the DOB's approval of the site plan on February 4, 2004, and also obtained a building permit. On September 21, 2004, the plaintiff purchased the property from Block 3400 with the intent of developing it in accordance with the approved site plan. In October 2005, the building permit was revoked.

On August 20, 2007, the plaintiff commenced this action against Block 3400, Arminante, and Lauria, alleging that the site plan, upon which it had relied in purchasing the property, did not comply with zoning regulations. The plaintiff asserted causes of action against Lauria sounding in professional malpractice, negligent misrepresentation, and fraud. In an

amended complaint dated August 20, 2009, the plaintiff added Stanley and Adam as defendants and asserted causes of action against them sounding in professional malpractice, negligent misrepresentation, and fraud. Stanley, Adam, and Lauria separately moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against each of them. The Supreme Court granted those branches of the separate motions, and the plaintiff appeals.

A cause of action to recover damages against an architect for professional malpractice is governed by a three-year statute of limitations (*see* CPLR 214 [6]; *Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.]*, 3 NY3d 538, 542 [2004]; *Vlahakis v Belcom Dev., LLC*, 86 AD3d 567 [2011]; *Napoli v Moisan Architects*, 77 AD3d 895 [2010]). Such a cause of action accrues "upon the actual completion of the work to be performed and the consequent termination of the professional relationship" (*Frank v Mazs Group, LLC*, 30 AD3d 369, 370 [2006]; *see City School Dist. of City of Newburgh v Stubbins & Assoc.*, 85 NY2d 535, 538 [1995]). However, "[t]he completion of an architect's obligations must be viewed in light of the particular circumstances of the case" (*Frank v Mazs Group, LLC*, 30 AD3d at 370). Here, Stanley and Lauria established, prima facie, that the professional malpractice causes of action asserted against them accrued more than three years prior to commencement of the action (*see Vlahakis v Belcom Dev., LLC*, 86 AD3d at 568; *Napoli v Moisan Architects*, 77 AD3d at 895). Specifically, the causes of action against them accrued, at the latest, on February 4, 2004, when the site plan was approved by the DOB (*see City School Dist. of City of Newburgh v Stubbins & Assoc.*, 85 NY2d at 538; *Vlahakis v Belcom Dev., LLC*, 86 AD3d at 568). Thus, Stanley and Lauria established their prima facie entitlement to judgment as a matter of law dismissing the professional malpractice causes of action asserted against them on the ground that those causes of action were time-barred. In opposition, the plaintiff failed to raise a triable issue of fact.

Since Adam was not a licensed professional, the cause of action sounding in professional malpractice asserted against him is governed by the three-year statute of limitations that is generally applicable to claims arising from injury to property (*see* CPLR 214 [4]). "As a general principle, the statute of limitations begins to run when a cause of action accrues" (*Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co.*, 18 NY3d 765, 770 [2012]). Here, the cause of action sounding in professional malpractice asserted against Adam accrued on

September 21, 2004, the date of the closing of title, which is more than three years before he was added as a defendant. Accordingly, Adam established his prima facie entitlement to judgment as a matter of law dismissing the cause of action sounding in professional malpractice asserted against him on the ground that it was time-barred. In opposition, the plaintiff failed to raise a triable issue of fact.

Stanley, Adam, and Lauria also demonstrated their prima facie entitlement to judgment as a matter of law dismissing the negligent misrepresentation causes of action asserted against each of them (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). These defendants submitted evidence establishing, prima facie, that the plaintiff was not a known party who relied upon the statements made in the architectural site plan (*see Plaisir v Royal Home Sales*, 81 AD3d 799, 801 [2011]; *Ford v Sivilli*, 2 AD3d 773, 775 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact.

Moreover, Stanley, Adam, and Lauria established their prima facie entitlement to judgment as a matter of law dismissing the fraud cause of action insofar as asserted against each of them by demonstrating that the plaintiff did not justifiably rely on the alleged misrepresentations (*see Danann Realty Corp. v Harris*, 5 NY2d 317, 322 [1959]; *East End Cement & Stone, Inc. v Carnevale*, 73 AD3d 974, 975 [2010]; *Urstadt Biddle Props., Inc. v Excelsior Realty Corp.*, 65 AD3d 1135, 1138 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted those branches of the separate motions of Stanley, Adam, and Lauria which were for summary judgment dismissing the amended complaint insofar as asserted against each of them. Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.