Cooper v Guilor (2023 NY Slip Op 00984)

Cooper v Guilor

2023 NY Slip Op 00984

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2020-02533
 (Index No. 7384/13)

[*1]Ira Cooper, et al., appellants, 
v
Edna Guilor, et al., respondents.

Cooper, Paroff & Graham P.C., Great Neck, NY (Ira G. Cooper of counsel), for appellants.
Harras Bloom & Archer LLP, Melville, NY (Tara D. McDevitt and Andrew S. Filipazzi of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for professional malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), dated December 24, 2019. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs allege that the defendants committed professional malpractice in connection with a construction project in the plaintiffs' home that allegedly led to a mold condition in the attic. The defendants moved for summary judgment dismissing the complaint, arguing, inter alia, that the action was time-barred. In an order entered January 6, 2020, the Supreme Court, among other things, granted the defendants' motion for summary judgment dismissing the complaint. The plaintiffs appeal.
The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. The defendants made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the action was not commenced until after the expiration of the three-year statute of limitations applicable to professional malpractice actions (see CPLR 214[6]; Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.], 3 NY3d 538, 541-542; Willis Ave Dev., LLC v Block 3400 Constr. Corp., 142 AD3d 993, 995). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the statute of limitations was tolled under the continuous representation doctrine (see Sclafani v Kahn, 169 AD3d 846; Potenza v Giaimo, 165 AD3d 1186; Adams v Kohan, 105 AD3d 880). The affirmation of the plaintiff Ira Cooper was insufficient to raise a triable issue of fact, as Ira Cooper is a party to the action, and therefore, his submission of an affirmation rather than an affidavit was insufficient to oppose the defendants' motion because it was not in admissible form (see CPLR 2106; Slavenburg Corp. v Opus Apparel, 53 NY2d 799, 801 n; Schwartz v Sayah, 83 AD3d 926, 927; Matter of Nazario v Ciafone, 65 AD3d 1240, 1241). The additional evidence submitted by the plaintiffs was also insufficient to raise a triable issue of fact.
IANNACCI, J.P., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court