Trump Vil. Section 4, Inc. v Lawless & Mangione Architects & Engrs., LLP (2025 NY Slip Op 01003)

Trump Vil. Section 4, Inc. v Lawless & Mangione Architects & Engrs., LLP

2025 NY Slip Op 01003

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CHERYL E. CHAMBERS
LOURDES M. VENTURA, JJ.

2022-09461
2023-04516
 (Index No. 510209/19)

[*1]Trump Village Section 4, Inc., respondent-appellant,
v
Lawless & Mangione Architects & Engineers, LLP, et al., appellants-respondents, QNCC Electrical Contracting Corp., et al., respondents, et al., defendant.

Marshall Dennehey Warner Coleman & Goggin, P.C., Melville, NY (Martin A. Schwartzberg of counsel), for appellants-respondents.
Malvina Lin, P.C., Brooklyn, NY, for respondent-appellant.
Goetz Fitzpatrick LLP, New York, NY (Donald J. Carbone and Benjamin R. Blum of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for professional malpractice and fraud, (1) the defendants Lawless & Mangione Architects & Engineers, LLP, and Ronald Mangione appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 6, 2022, and (2) the defendants Lawless & Mangione Architects & Engineers, LLP, and Ronald Mangione appeal from an order of the same court dated March 28, 2023. The order dated September 6, 2022, insofar as appealed from, denied those branches of the motion of the defendants Lawless & Mangione Architects & Engineers, LLP, and Ronald Mangione which were pursuant to CPLR 3211(a) to dismiss the second and fifth causes of action insofar as asserted against them. The order dated September 6, 2022, insofar as cross-appealed from, granted those branches of those defendants' motion which were pursuant to CPLR 3211(a) to dismiss the fourth, sixth, and seventh causes of action, and the eighth cause of action insofar as asserted against them, and granted that branch of the motion of the defendants QNCC Electrical Contracting Corp., Electrical Contracting Services Corp., and Joseph Kashinsky which was pursuant to CPLR 3211(a) to dismiss the eighth cause of action insofar as asserted against them. The order dated March 28, 2023, denied the motion of the defendants Lawless & Mangione Architects & Engineers, LLP, and Ronald Mangione for leave to renew and reargue those branches of their prior motion which were pursuant to CPLR 3211(a) to dismiss the second and fifth causes of action insofar as asserted against them.
ORDERED that order dated September 6, 2022, is affirmed insofar as appealed and cross-appealed from; and it is further,
ORDERED that the appeal from so much of the order dated March 28, 2023, as denied that branch of the motion of the defendants Lawless & Mangione Architects & Engineers, LLP, and Ronald Mangione which was for leave to reargue is dismissed, as no appeal lies from an [*2]order denying reargument; and it is further,
ORDERED that order dated March 28, 2023, is reversed insofar as reviewed, on the law, that branch of the motion of the defendants Lawless & Mangione Architects & Engineers, LLP, and Ronald Mangione which was for leave to renew those branches of their prior motion which were pursuant to CPLR 3211(a) to dismiss the second and fifth causes of action insofar as asserted against them is granted and, upon renewal, so much of the order dated September 6, 2022, as denied those branches of the prior motion is vacated, and thereupon those branches of the prior motion are granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.
The plaintiff owns an apartment complex located in Brooklyn. The plaintiff entered into written contracts with the defendant Electrical Contracting Solutions Corp. (hereinafter ECS) to perform electrical work on the apartment complex. The plaintiff hired the defendants Lawless & Mangione Architects & Engineers, LLP, and Ronald Mangione (hereinafter together the architect defendants) to provide certain services in relation to the work. Thereafter, ECS commenced an action against the plaintiff (hereinafter the prior action), and the plaintiff asserted counterclaims against ECS. On appeal, this Court, inter alia, modified a judgment issued in the prior action upon a decision after a nonjury trial and dismissed the complaint (see Electrical Contr. Solutions Corp. v Trump Vil. Section 4, Inc., 226 AD3d 746). This Court affirmed so much of the judgment as, in effect, dismissed the counterclaims (see id.).
Meanwhile, the plaintiff commenced this action, among other things, to recover damages for professional malpractice and fraud. The architect defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted them. The defendants QNCC Electrical Contracting Corp., Electrical Contracting Services Corp., and Joseph Kashinsky (hereinafter collectively the electrical defendants) moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The plaintiff subsequently filed an amended complaint. In an order dated September 6, 2022, the Supreme Court, among other things, treated the motions as directed to the amended complaint. The court denied those branches of the architect defendants' motion which were to dismiss the second and fifth causes of action insofar as asserted against them and granted those branches of their motion which were to dismiss the fourth, sixth, and seventh causes of action, and the eighth cause of action insofar as asserted against them. In addition, the court granted that branch of the electrical defendants' motion which was to dismiss the eighth cause of action insofar as asserted against them. The architect defendants appeal, and the plaintiff cross-appeals.
The architect defendants moved for leave to renew and reargue those branches of their prior motion which were to dismiss the second and fifth causes of action insofar as asserted against them. In an order dated March 28, 2023, the Supreme Court denied the motion. The architect defendants appeal.
The Supreme Court properly granted those branches of the architect defendants' motion which were to dismiss, as time-barred, the fourth, sixth, and seventh causes of action, sounding in professional malpractice. "[A]n action to recover damages for malpractice, other than medical, dental or podiatric malpractice, regardless of whether the underlying theory is based in contract or tort is subject to a three-year statute of limitations" (Anderson v Pinn, 185 AD3d 534, 535 [internal quotation marks omitted]; see CPLR 214[6]). Here, the architect defendants made a prima facie showing that this action was commenced more than three years after they completed the contemplated work (see Creative Rest., Inc. v Dyckman Plumbing & Heating, Inc., 184 AD3d 803, 805; see also Willis Ave Dev., LLC v Block 3400 Constr. Corp., 142 AD3d 993, 995). The plaintiff did not raise a question of fact in opposition.
Additionally, the Supreme Court properly granted those branches of the separate motions of the architect defendants and the electrical defendants which were to dismiss the eighth [*3]cause of action, alleging violations of General Business Law § 349, insofar as asserted against each of them. The amended complaint failed to sufficiently allege consumer-oriented conduct, as it "failed to adequately allege that the [architect defendants and the electrical defendants] engaged in acts or practices that would have a broad impact on consumers at large" (Abraham v Torati, 219 AD3d 1275, 1281 [internal quotation marks omitted]; see New York Univ. v Continental Ins. Co., 87 NY2d 308, 320).
However, the Supreme Court should have granted leave to renew those branches of the architect defendants' motion which were to dismiss the second and fifth causes of action, alleging fraud, insofar as asserted against them. "A motion for leave to renew, not based upon a change of law, must be based upon new facts not offered on the prior motion which would change the prior determination, and must contain a reasonable justification for the failure to present such facts on the prior motion" (Bockstruck v Town of Islip, 219 AD3d 439, 442; see CPLR 2221[e]). Here, the architect defendants presented new facts not offered on their prior motion that would change the prior determination. These new facts consisted of the court's determination in the prior action, in effect, to dismiss the plaintiff's counterclaims in that action. The architect defendants established a reasonable justification for not presenting these facts on their prior motion, since the determination in the prior action was issued after the architect defendants had made their prior motion in this action.
Upon renewal, the Supreme Court should have granted those branches of the architect defendants' motion which were to dismiss the second and fifth causes of action insofar as asserted against them. These causes of action alleged, roughly, that the architect defendants and the electrical defendants colluded and conspired to commit fraudulent acts in connection with the electrical defendants' work for the plaintiff. "The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500). "Collateral estoppel comes into play when four conditions are fulfilled: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (Conason v Megan Holding, LLC, 25 NY3d 1, 17 [internal quotation marks omitted]; see Feng Li v Shih, 207 AD3d 444, 447). Here, these four conditions are satisfied. In light of the court's determination following trial in the prior action, in effect, dismissing the plaintiff's counterclaims, including the counterclaim alleging fraudulent conduct, the second and fifth causes of action insofar as asserted against the architect defendants are barred under the doctrine of collateral estoppel.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., GENOVESI, CHAMBERS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court