| |
|---|
| **Shaw v Props2Fantasy.com** |
| 2025 NY Slip Op 31798(U) |
| May 15, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 652810/2024 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. JUDY H. KIM** | **PART** | **04** |

*Justice*

-----------------------------------------------------------------------------X

DOMINIC SHAW,

                          Plaintiff,

            - v -

PROPS2FANTASY.COM, ADAM WEINSTEIN,

                 Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652810/2024 |
| **MOTION DATE** | 02/17/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24

were read on this motion to/for                         **JUDGMENT - DEFAULT**          .

        Upon the foregoing documents, plaintiff's motion for a default judgment is granted in part, as to his conversion claim against defendant Props2Fantasy.com, and otherwise denied.

        Plaintiff alleges that on or about October 6, 2022, he registered an account on the fantasy sports website thrivefantasy.com (the "Website"), which is owned and operated by defendants Props2fantasy.com (NYSCEF Doc No. 2, complaint at ¶¶4, 6). In doing so, he accepted the Website's terms of use which provided, inter alia, that he could withdraw his funds from the site "at any time and for any reason" (*id.* at ¶20). Plaintiff then "entered several contests on the Website, yielding an account balance of $40,028.72" (*id.* at ¶7). Despite attempts to withdraw his account balance on September 16, 2023, and November 15, 2023, plaintiff has been unable to do so (*id.* at ¶8). Plaintiff's complaint asserts claims for: (1) breach of contract; (2) unjust enrichment; (3) breach of the implied covenant of good faith and fair dealing; and (4) conversion. He also seeks treble damages and attorney's fees pursuant to General Business Law §349. As defendants have

**652810/2024  SHAW, DOMINIC vs. PROPS2FANTASY.COM ET AL**
**Motion No.  001**

[* 1]

failed to answer or appear, plaintiff now moves for default judgment.

## DISCUSSION

In order to establish a default judgment pursuant to CPLR 3215, plaintiff must submit proof of: (1) service of the summons and complaint; (2) the facts constituting the claim; and (3) defendants' default in answering or appearing (*see Gordon Law Firm, P.C. v Premier DNA Corp.*, 205 AD3d 416, 416 [1st Dept 2022]). "CPLR 3215 does not contemplate that default judgments are to be rubberstamped once jurisdiction and a failure to appear has been shown. Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action" (*Feffer v Malpeso*, 210 AD2d 60 [1st Dept 1994]). The standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" *(id.)*.

As an initial matter, the branch of plaintiff's motion seeking a default judgment as against Adam Weinstein is denied. The complaint alleges that Weinstein is the founder and Chief Executive Officer of Props2fantasy.com but lacks specific allegations of dominion, control, and wrongdoing to meet the "heavy burden" to support piercing the corporate veil to hold Weinstein personally liable (*see 2497 Realty Corp. v Fuertes*, 232 AD3d 451, 452 [1st Dept 2024] [internal citations omitted]); *see also Remora Capital S.A. v Dukan*, 175 AD3d 1219, 1220 [1st Dept 2019]).

Plaintiff has, however, established his entitlement to a default judgment against Props2Fantasy.com on his conversion claim. "The tort of conversion is established when one who owns and has a right to possession of personal property proves that the property is in the unauthorized possession of another who has acted to exclude the rights of the owner" (*Lewinter v Charity Beverage USA Corp.*, 2008 NY Slip Op 31554[U] [Sup Ct, NY County 2008] [internal citations omitted]) and plaintiff has established that he has the right to possess the funds at issue

**652810/2024   SHAW, DOMINIC vs. PROPS2FANTASY.COM ET AL**
**Motion No.  001**

**Page 2 of 5**

2 of 5

and that his requests to withdraw these funds has been ignored and Props2Fantasy.com remains in possession of same without authorization (*see e.g. Shabtai v HFZ Capital Group, LLC*, 75 Misc 3d 1226(A) [Sup Ct, NY County 2022] ["An action for conversion requires a specific, identifiable fund and an obligation to treat it in a particular manner or otherwise return it"], order affd, appeal dismissed, 220 AD3d 471 [1st Dept 2023]). Plaintiff has also established that props2fantasy.com was served with process via the New York State Secretary of State per BCL §306(b), with a follow-up mailing as required by CPLR 3215(g)(4) (NYSCEF Doc No. 3, 15), and that Props2Fantasy.com has failed to appear.

Finally, the Court notes that treble damages and attorney's fees under GBL §349 are not warranted here. That statute applies when a defendant "engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice" (*Koch v Acker, Merrall & Condit Co.*, 18 NY3d 940, 941 [2012] [internal citations and quotations omitted]). An act or practice is consumer-oriented when it has "a broader impact on consumers at large" (*Trump Vil. Section 4, Inc. v Lawless & Mangione Architects Engineers LLP*, 2022 NY Slip Op. 33159[U], 15-18 [Sup Ct, Kings County 2022] [internal citations and quotations omitted], *affd sub nom. Trump Vil. Section 4, Inc. v Lawless & Mangione Architects & Engineers, LLP*, 2025 NY Slip Op 01003 [2d Dept 2025]). The facts set out here do not satisfy this standard. By plaintiff's own admission, he was informed of the Website's terms and conditions at issue only after going to defendants' Website and commencing the sign-up process. Accordingly, the terms and conditions' representation that customers could withdraw funds at any time was not directed at the consuming public or "made for the purpose of inducing the public at large into consuming a product or service or that the representations affected

**652810/2024  SHAW, DOMINIC vs. PROPS2FANTASY.COM ET AL**
**Motion No.  001**

Page 3 of 5

[* 3]

consumer decision-making" (*Simmons v Assistcare Home Health Services LLC*, 2021 NY Slip Op 32966[U], 9-11 [Sup Ct, Kings County 2021]). The fact that two other individuals have commenced separate actions against defendants based on similar facts does not bring this action within the remit of GBL §349.

The Court does not reach the remaining causes of action of the complaint.

Accordingly, it is

**ORDERED** that the branch of plaintiff's motion for default judgment is granted in part, to the extent that plaintiff Dominic Shaw is granted leave to enter default judgment as against defendant Props2Fantasy.com on his fifth cause of action, for conversion, and is denied as against defendant Adam Weinstein; and it is further,

**ORDERED** that plaintiff Dominic Shaw is awarded a money judgment in his favor as against defendant Props2Fantasy.com d/b/a Thrive Fantasy in the amount of $40,028.72, with interest at the statutory rate from September 17, 2023, as calculated by the Clerk, plus costs and disbursements to be taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

**ORDERED** that plaintiff shall serve a copy of this decision and order, with notice of entry, upon defendants as well as the Clerk of the Court (60 Centre Street, Room 141B), who is directed to enter judgment accordingly; and it is further

**ORDERED** that such service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for

**652810/2024  SHAW, DOMINIC vs. PROPS2FANTASY.COM ET AL**
**Motion No. 001**

**Page 4 of 5**

[* 4]

4 of 5

Electronically Filed Cases (accessible at the "EFiling" page on this court's website).

This constitutes the decision and order of the Court.

_____5/15/2025_____
**DATE**

_____
HON. JUDY H. KIM, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | [X] | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | [X] | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**652810/2024   SHAW, DOMINIC vs. PROPS2FANTASY.COM ET AL**
**Motion No.  001**

**Page 5 of 5**

5 of 5